IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DSL CORPORATION | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 15 – 364 |
| | § | ADMIRALTY |
| M/V NORDIC RIGA, *her tackle,* | § | |
| *apparel, furniture, equipment,* | § | |
| *etc., et al.* | § | |

## *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DSL Corporation files this Original Complaint against Defendants, the M/V NORDIC RIGA, *in rem*, and Nordic Riga ("Nordic"), Philhua Shipping Inc. ("Philhua") and R Warehousing & Port Services, Inc. ("Richardson"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.  This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts. Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

2.  Plaintiff is a Texas corporation with its principal place of business in Houston.

3.  On information and belief and at all times material, the NORDIC RIGA was an ocean–going vessel, registered in the Isle of Man, bearing International Maritime

Organization (IMO) No. 9563407, weighing approximately 22,409 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4.      On information and belief and at all times material, Nordic owned, chartered, managed and/or operated the M/V NORDIC RIGA as a common carrier of goods by water for hire between various ports, including the Ports of Subic, Philippines and Houston.  On information and belief, Nordic is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  On information and belief, Nordic is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Nordic may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Nordic has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Nordic is consistent with the Constitutions and other laws of the United States and Texas.  Accordingly, serving Nordic with a summons is effective to establish personal jurisdiction over it.

Nordic can be served by serving the Texas Secretary of State. Process or notice can be sent to Nordic at its home office in care of Nordic Hamburg Shipmanagement GmbH & Co. KG, Cremon 32, 20457 Hamburg, Germany.

5.      On information and belief and at all times material, Philhua chartered, managed and/or operated the M/V NORDIC RIGA as a common carrier of goods by water for hire between various ports, including the Ports of Subic and Houston. On information and belief, Philhua is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, Philhua is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas. Alternatively, although Philhua may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, on information and belief, Plaintiff's action arises under federal law and Philhua has sufficient national minimum contacts with the United States as a whole. The exercise of personal jurisdiction over Philhua is consistent with the Constitutions and other laws of the United States and Texas. Accordingly, serving Philhua with a summons is effective

to establish personal jurisdiction over it. Philhua can be served by serving the Texas Secretary of State. Process or notice can be sent to Philhua at its home office, Building No. 2, Patio Madrigal Compound, 2550 Roxas Boulevard, Pasay City 1300, Metro Manila, Philippines.

6. On information and belief and at all times material, Richardson was a Texas corporation engaged in the business of loading and discharging cargos to and from vessels at the Port of Houston. Richardson can be served by its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201–3136.

7. On or about December 16, 2013, Plaintiff's shipper tendered in good order and condition to Nordic and Philhua at Subic various cargos of ERW steel tubing. Nordic and Philhua agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges. Nordic and Philhua acknowledged receipt of the cargos in good order and condition, accordingly therewith issued various bills of lading including Bills of Lading Nos. PBIHNCRA 131116, 131124 and 131125 at Subic free of exceptions or other notations for loss or damage, and loaded the cargos aboard the M/V NORDIC RIGA.

8. On or about February 10, 2014, the M/V NORDIC RIGA arrived at Houston where Defendants later discharged the cargos, not in the same good order and condition as when received but, on the contrary, the cargos were short, slack, missing and otherwise lost. The loss proximately resulted from Defendants' respective acts and/or omissions

constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.

    9.    Alternatively, the losses proximately resulted from the unseaworthiness of the M/V NORDIC RIGA.

    10.    Alternatively, the losses proximately resulted from Richardson's conduct in failing properly to discharge the cargos from the M/V NORDIC RIGA. That conduct constituted negligence, breach of contract, breach of bailment and/or failure to perform services in a workmanlike manner.

    11.    Plaintiff proximately has sustained damages exceeding $16,073.82 plus interest dating from December 16, 2013, demand for which has been made upon Defendants but which they refuse to pay.

    12.    At all times material, Plaintiff owned the cargos and brings these claims for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are or become interested in the cargos.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DSL Corporation prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V NORDIC RIGA, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V NORDIC RIGA be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V NORDIC RIGA, *in rem*, and Nordic Riga, Philhua Shipping Inc. and R Warehousing & Port Services, Inc., *in personam*, are liable to Plaintiff, jointly and severally, for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

                Respectfully submitted,

                *SHARPE & OLIVER, L.L.P.*

By _____
      Robert C. Oliver
      State Bar No. 15255700
      S. D. Texas No. 886
      550 Westcott, Suite 230
      Houston, Texas 77007–5096
      Telephone:   (713) 864–2221
      Facsimile:    (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

                ATTORNEYS FOR PLAINTIFF